**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMIAH EZEKIEL,<br><br>                                      Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                      Respondent. | Case No.: 17cv2191-MMA (MDD)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

      On May 10, 2017, Petitioner Jeremiah Ezekiel was charged in a single-count Information with attempted illegal reentry, in violation of Title 8, United States Code, section 1326(a) and (b). *See* Case No. 17cr1195-WQH, Doc. No. 9. The case remains pending. Ezekiel, proceeding *pro se*, has filed a First Amended Petition for Writ of Habeas Corpus ("petition") pursuant to Title 28 of the United States Code, section 2241, challenging the authority of the United States government to arrest and incarcerate him. *See* Doc. No. 5. For the reasons set forth below, the Court **DISMISSES** the petition.

1

# DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[1] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Challenges to the "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

A review of the petition reveals that Ezekiel complains that as a member of the independent American Aboriginal "United Washita De Dugdahmounyah Mu'ur" nation, the United States government lacks the jurisdiction and authority to arrest and incarcerate him. Ezekiel's petition is subject to dismissal on several grounds.

First, relief under Section 2241 is available only if a federal inmate can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ezekiel has not done so. Any tribal sovereignty belonging to the United Washita Tribe "does not extend to shield [Defendant] from the legal consequences of [his] own private off-reservation activities." *Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp. 2d 1159, 1178 (D. Utah 2006). As another district court in this Circuit has noted, "[r]egardless of his citizenship or tribal membership, Defendant voluntary subjected himself to the laws of the United States when he presented himself for inspection at the San [Ysidro] Port of Entry." *United States v. Stowbunenko-Saitschenko*, No. CR 06-0869-PHX-DGC, 2007 U.S. Dist. LEXIS 20137, at *4 (D. Ariz. Mar. 19, 2007) (citing *United States v. Beitia-Garcia*, 794 F. Supp. 36 (D.P.R. 1991) (holding that the defendant had subjected herself to federal law because she voluntarily

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

chose to enter the United States)); *see also United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992) (rejecting as "frivolous" defendant's argument that he is a "freeman" and thus not subject to the court's personal jurisdiction).

Second, the Supreme Court has interpreted the "in custody" requirement to mean that the petitioner is in custody pursuant to the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Ezekiel has not yet been convicted or sentenced in his criminal proceeding. If Ezekiel wishes to challenge the government's authority to bring charges against him, or the Court's jurisdiction, he may do so via separate motion in his criminal case.

## CONCLUSION

It plainly appears from the face of Ezekiel's petition that Ezekiel is not entitled to relief. *See* Rule 4 of the Rules Governing § 2254 Cases. Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice and without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted."). The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: December 15, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge